<pre>
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF TENNESSEE
                           AT GREENEVILLE
</pre>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.: 2:25-CR-63 |
| v. | ) | JUDGE CORKER |
| | ) | |
| TODD ALLEN TREMBLEY | ) | |

## **SENTENCING MEMORANDUM**

Comes now the United States of America, by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, and files this sentencing memorandum addressing the appropriate 18 U.S.C. § 3553(a) factors and sentence recommendation, in compliance with the Court's Order.

**I.  Procedural History**

The Grand Jury sitting for the Eastern District of Tennessee at Greeneville returned a five-count indictment on May 14, 2025, charging the defendant with charges related to trafficking in methamphetamine and possession of a firearm in furtherance of a drug trafficking offense.

On October 8, 2025, the defendant entered a plea of guilty to Count One of the indictment, that is: conspiracy to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841 (a)(1),(b)(1)(A).

For purposes of this memorandum, the facts of this offense are set forth in paragraphs 8 through 13 of the Presentence Investigation Report (PSR) dated December 17, 2025, and are incorporated herein by reference.

**II.  Sentencing Factors**

*a.     The nature and circumstances of the offense:*

Methamphetamine has reached epidemic levels in Eastern Tennessee, with 2.5 million people nationwide, almost one out of every 100 people, using methamphetamine in 2021. Substance Abuse and

Mental Health Services Administration, *Key Substance Use and Mental Health Indicators in the United States: Results from the 2021 National Survey on Drug Use and Health* 18 (2022). Further, overdose death rates are rising, with a 33% increase in overdose deaths from methamphetamine and similar psychostimulants between 2020 and 2021. Merianne Rose Spencer et al., Drug Overdose Deaths in the United States, 2001-2021, at 5 (2022). The introduction of fentanyl into the equation has changed things, likely contributing to the increases in overdose deaths. Methamphetamine is particularly dangerous because it is so often laced with fentanyl, usually without the knowledge of the distributor. Congress recognized this threat in 2021 when it passed the Methamphetamine Response Act of 2021, declaring methamphetamine an "emerging drug threat" and directing a specific response from the Office of National Drug Control Policy. Methamphetamine Response Act of 2021, Pub. L. No. 117-99, § 22, 136 Stat. 43, 43 (2022). The defendant's actions are exactly what Congress was responding to, and exactly what leads to the high usage rates and high death rates recently observed. The defendant was held accountable for more than 20 grams but less than 35 grams of methamphetamine.

  b. *The history and characteristics of the defendant*

The defendant is a 56-year-old male who was residing in Greeneville, Tennessee. The defendant reports a "troubled" childhood, characterized by abuse and neglect. He stated that there was substance abuse in the home. The defendant was first arrested at age 11 and arrested a second time when he was 13. Following this second arrest, he was placed into foster care. The defendant has been married twice and has five children from previous relationships. Unfortunately, one of those children died at birth. The defendant never completed high school but attempted to earn his GED while in custody on a prior sentence; however, he never obtained his GED. The defendant's work history appears to be sporadic. He reports various physical issues and some mental health issue. He has been diagnosed with dyslexia, ADHD, and depression.

  The PSR shows that the defendant suffers from significant substance abuse issues. He began consuming alcohol at five years old and by eight he was using marijuana. He first used powder cocaine

when he was 11 and benzodiazepines at 12 or 13 years old. Around this time, he also began using mushrooms and acid. He began using methamphetamine in his 40s and was a daily user until his arrest in this case. The defendant's substance abuse can only have exacerbated his mental health issues. He has expressed interest in receiving substance abuse treatment while in the BOP and it is the sincere hope of the United States that the defendant take advantage of the resources available to him to address his substance abuse issues.

The PSR calculates that the defendant is a criminal history category IV with eight criminal history points. Interestingly, his history of criminal convictions did not commence until he was 32 years old. However, since that time, the defendant has had regular and frequent contact with the criminal justice system. The defendant's criminal history—including multiple violations of probation—tends to suggest a lack of respect for the law and that these prior sentences have provided insufficient deterrence.

    c.    *To reflect the seriousness of the offense and to promote respect for the law:*

The defendant is responsible for the distribution narcotics in the Eastern District of Tennessee. It is hard to overestimate the amount of harm that has been caused by this conduct to individual addicts, their families, and the community at large. Unfortunately, the Court is all too aware of the negative repercussions that result from these activities. Furthermore, the defendant was also found in possession of firearms during these trafficking activities, making the defendant's conduct that much more serious.

    d.    *To afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant:*

As stated above, the defendant has caused great harm to the community as a result of narcotics distribution. The defendant's sentence should allow for a period of time where the public will be safe from any further crimes of this defendant. The defendant's sentence should be one that acts as both a general deterrence to others considering distributing narcotics and also as a deterrent to the defendant himself so that he does not reoffend when he is released from custody.

e. *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;*

The defendant clearly has substance abuse issues and he is in great need for treatment. The defendant expressed interest in taking part in treatment and educational programs offered by the Bureau of Prisons. It is the hope of the United States that, while incarcerated, the defendant will take advantage of the programs available, that he will benefit from those programs, and not reoffend upon his release from custody.

### III. Recommendation

The PSR prepared by U.S. Probation establishes an advisory guideline range of 188 to 235 months imprisonment based on a total offense level of 33 and a criminal history category IV. The United States concurs that this is the applicable guideline range. Based upon all of the evidence and after consideration of all of the § 3553(a) factors, the United States believes that a sentence within the guideline range is sufficient but not greater than necessary. The United States objects to any departure or variance from the correctly calculated sentencing guideline range.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By: s/ *Andrew C. Parker*
ANDREW C. PARKER
Assistant United States Attorney
FL Bar No.: 100949
220 W. Depot St., Suite 423
Greeneville, TN 37743
andrew.parker@usdoj.gov
(423) 639-6759